| | |
|---|---|
| GERALD DEMARSH, SR. § | |
| § | Civil Action No. 4:19-CV-134 |
| v. § | |
| § | (Judge Mazzant/Judge Nowak) |
| STATE OF TEXAS, ET AL. § | |

**MEMORANDUM ADOPTING IN PART REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On July 31, 2019, the report of the Magistrate Judge (Dkt. #9) was entered containing proposed findings of fact and recommendations that Plaintiff Gerald DeMarsh, Sr.'s claims against Defendants State of Texas, Denton County, Texas, and Judge Crouch (Dkt. #1) be dismissed. Having received the report of the United States Magistrate Judge, having considered Plaintiff's formal and construed Objections (Dkts. #11; #12), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted in part.

**RELEVANT BACKGROUND**

Plaintiff filed the instant suit on February 25, 2019, alleging violations of Plaintiff's "United States citizenship and constitutional rights" (Dkt. #1 at p. 4). After granting Plaintiff's request to proceed *in forma pauperis* (Dkt. #8), the Magistrate Judge recommended dismissal of Plaintiff's claims, finding the Court lacked subject matter jurisdiction (Dkt. #9). Recognizing that Plaintiff's filing of the instant lawsuit represented the "sixteenth lawsuit brought by Plaintiff in the Eastern District of Texas since 2002," and that every one of Plaintiff's prior suits have been dismissed for either a lack of subject matter jurisdiction or failure to state a claim, the

Magistrate Judge further recommended Plaintiff's claims be found to be frivolous and malicious, and thus subject to dismissal with prejudice, and that he be enjoined from future filings in the Eastern District of Texas, except as follows:

> Plaintiff be prohibited from filing any new civil action in the Eastern District of Texas unless he first files a motion requesting leave of court to so do and attaches thereto copies (1) Plaintiff's proposed complaint, (2) the magistrate judge's findings, conclusions and recommendation in this case, and (3) any final order of the district judge and final judgment in this case. The Court also recommends that the Clerk of the Court be directed to reject any filings that Plaintiff submits in violation of the Court's instructions.

(Dkt. #9 at p. 7). Plaintiff filed Objections to the Magistrate Judge's Report on August 14, 2019, and additional "Correspondence" on August 29, 2019, which the Court construes as a supplement to his Objections (Dkts. #11; #12). Plaintiff asserts that "Magistrate Nowak is acting like a defense lawyer rather than a judge" (Dkt. #11), and details for the Court the facts underlying or related to Plaintiff's son's criminal conviction (Dkt. #12).[1]

## OBJECTION TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

The entirety of Plaintiff's formal Objection reads as follows:

> Magistrate Nowak is acting like a defense lawyer rather than a judge[.] [A]ll I am asking the [C]ourt to do is to treat me like I am an [A]merican citizen and respect the [A]merican Constitution and Bill of Rights[.] [T]he Constitution states I can represent myself in any court in America if I chose to[.] I have served in the [A]merican [A]rmy honorably [and] I expect to be treated honorably.

---
[1] Plaintiff's construed Objection may also attempt to grant authority to Plaintiff's two sons to continue the instant suit presumably in Plaintiff's stead. Because the Court adopts the Magistrate Judge's finding that the Court lacks jurisdiction and Plaintiff's claims should be dismissed, the Court does not address Plaintiff's attempted substitution of Parties.

(Dkt. #11). To the extent Plaintiff again seeks the recusal of the Magistrate Judge through his Objections, Plaintiff has not demonstrated that the Magistrate Judge's recusal and/or disqualification is appropriate. The findings and conclusions contained in the Magistrate Judge's Report to which Plaintiff objects, without more, are not a sufficient basis to justify recusal. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell*, 384 U.S. 563, 583 (1966)). Additionally, Plaintiff's Objections do not address the bases upon which the Magistrate Judge has recommended dismissal. Plaintiff's Objections are overruled. Accordingly, the finding of the Magistrate Judge that this Court lacks subject matter jurisdiction over Plaintiff's cause is adopted. Because the Court lacks jurisdiction, the alternative basis recommended by the Magistrate Judge for dismissal for frivolousness is rejected. Plaintiff is warned that if he persists in filing frivolous or baseless actions or actions over which the Court lacks subject matter jurisdiction, the Court may impose sanctions and/or bar him from bringing further actions.

## CONCLUSION

Having considered Plaintiff's Objections (Dkts. #11; #12), the Court adopts the finding of the Magistrate Judge that Plaintiff's claims should be dismissed for lack of jurisdiction (Dkt. #9) as the finding and conclusion of the Court.

It is therefore **ORDERED** that Plaintiff's claims against each of the Defendants are hereby **DISMISSED WITHOUT PREJUDICE**.

All relief not previously granted is hereby **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

**SIGNED this 12th day of December, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE